*In re* THEUERLE

Docket No. 100951. Submitted April 19, 1988, at Lansing. Decided
November 8, 1988. Leave to appeal applied for.

Walter Theuerle, M.D., had his license to practice medicine
suspended and his license to prescribe controlled substances
revoked. His license to practice medicine was suspended a
second time. Theuerle petitioned the Department of Licensing
and Regulation and State Board of Medicine for reinstatement.
An administrative hearing was held at which time petitioner .
adduced testimony from several witnesses, all of whom were his
longtime friends and associates, who attested to his good char-
acter and that it would serve in the public interest for him to
resume his practice. The examiner made full findings of fact
and law supporting his conclusions that petitioner had shown
by clear and convincing evidence that he was of good moral
character, able to practice medicine with reasonable skill and
safety to patients, and that he should be permitted to resume
his practice in the public interest. Having concluded that
petitioner met the requirements of the statute, reinstatement
of petitioner's license was recommended. Although the board
purportedly adopted the examiner's findings and rulings, it
denied reinstatement, holding, instead, that as a matter of law
petitioner had failed to establish by clear and convincing
evidence that he had met the requirements for reinstatement
as set forth in the statute. Petitioner appealed to the Genesee
Circuit Court, which affirmed the board's decision, Earl E.
Borradaile, J. In doing so, the court rejected petitioner's favora-
ble testimony and essentially found that petitioner's long-term
record of misconduct made reinstatement inappropriate. Peti-
tioner appealed.

The Court of Appeals *held:*

The petitioner's past record of misconduct is not of itself
sufficient proof of his lack of good moral character as a matter

REFERENCES

Am Jur 2d, Physicians, Surgeons and Other Healers §§ 74 *et seq.*
Wrongful or excessive prescription of drugs as ground for revoca-
tion or suspension of physician's or dentist's license to practice.
22 ALR4th 668.

of law. Since there was no other evidence of moral unfitness, petitioner was entitled to the relief requested.

Reversed and petitioner's license ordered reinstated.

LICENSES — GOOD MORAL CHARACTER — EVIDENCE.

Judgments in civil or criminal actions may not be used by a licensing board as proof, in and of themselves, of a persons's lack of good moral character (MCL 338.42; MSA 18.1208[2]).

*Andrews, Philpott & Piper* (by *Douglas M. Philpott*), for petitioner.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Howard C. Marderosian,* Assistant Attorney General, for respondent.

Before: KELLY, P.J., and SULLIVAN and M. J. SHAMO,* JJ.

PER CURIAM. Petitioner-appellant Walter Theuerle, M.D., appeals from an order of the Genesee Circuit Court which affirmed the denial of reinstatement of his license to practice medicine by the State Board of Medicine and Department of Licensing and Regulation.

This seventy-five-year-old general practitioner was born in Poland. His legal troubles began in 1973 when a complaint was filed by the board alleging that he had dispensed drugs for nontherapeutic purposes and wrote sick-leave excuses without medical justification. As a result, petitioner's license was suspended for three months and his license to prescribe controlled substances permanently revoked. Following a hearing on the matter before a district judge, petitioner was absolved of any criminal wrongdoing in this matter.

On October 20, 1980, the Attorney General filed a second complaint, alleging that petitioner had

---

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

again prescribed drugs for nontherapeutic purposes and wrote false work excuses and false medical insurance claims. Following a hearing, the hearing officer determined that the allegations were true.

The board, approving and adopting the hearing examiner's findings and conclusions, suspended petitioner's medical license for two years commencing on the date of the order, November 11, 1982. The suspension was subsequently upheld on appeal.

When the suspension period expired, petitioner applied to the board for reinstatement. An administrative hearing was held on June 9, 1986, at which time petitioner adduced testimony from several witnesses, all of whom were his longtime friends and associates, who attested to his good character and that it would serve in the public interest for him to resume his practice.

In a written opinion, the examiner made full findings of fact and law supporting his conclusions that petitioner had shown by clear and convincing evidence that he was of good moral character, able to practice medicine with reasonable skill and safety to patients, and that he should be permitted to resume his practice in the public interest. Having concluded that petitioner met the requirements of MCL 333.16247; MSA 14.15(16247), reinstatement of petitioner's license was recommended.

Although the board purportedly adopted the examiner's findings and rulings, it denied reinstatement, holding, instead, that as a matter of law petitioner had failed to establish by clear and convincing evidence that he had met the requirements for reinstatement as set forth in § 16247.

Petitioner appealed to the Genesee Circuit Court, which affirmed the board's decision. In do-

ing so, the court rejected petitioner's favorable testimony and essentially found that petitioner's long-term record of misconduct made reinstatement inappropriate.

On appeal, petitioner argues that the board's denial of reinstatement was not supported by competent, material and substantial evidence on the whole record and was therefore arbitrary and without justification. He argues further that the board's approval of the hearing officer's finding that petitioner was of good moral character required it to adopt the recommendation of reinstatement. Finally, petitioner argues that he established by clear and convincing evidence that he met the requirements of good moral character.

Section 16247 of the Public Health Code provides in relevant part:

> A board may reinstate a license or issue a limited license to an individual whose license has been suspended or revoked under this part if, after a hearing, the board is satisfied that the applicant is of good moral character, is able to practice the profession with reasonable skill and safety to patients, and should be permitted in the public interest to resume practice.

The pertinent administrative rule requires that an applicant for reinstatement demonstrate his qualifications under the statute by clear and convincing evidence. 1980 AACS, R 338.973(2). Judicial review of an administrative decision is set forth in the Administrative Procedure Act, MCL 24.201 *et seq.*; MSA 3.560(101) *et seq.* Specifically, § 106 governs these proceedings and provides the following regarding review of an agency's decision:

> (1) Except when a statute or the constitution provides for a different scope of review, the court

shall hold unlawful and set aside a decision or order of an agency if substantial rights of the petitioner have been prejudiced because the decision or order is any of the following:

(a) In violation of the constitution or a statute.

(b) In excess of the statutory authority or jurisdiction of the agency.

(c) Made upon unlawful procedure resulting in material prejudice to a party.

(d) Not supported by competent, material and substantial evidence on the whole record.

(e) Arbitrary, capricious or clearly an abuse or unwarranted exercise of discretion.

(f) Affected by other substantial and material error of law.

(2) The court, as appropriate, may affirm, reverse or modify the decision or order or remand the case for further proceedings. [MCL 24.306; MSA 3.560(206).]

The primary issue at the hearing was petitioner's moral fitness for reinstatement pursuant to § 16247. For purposes of licensure, "good moral character" has been defined:

(1) The phrase "good moral character", or words of similar import, when used as a requirement for an occupational or professional license or when used as a requirement to establish or operate an organization or facility regulated by this state in the Michigan Compiled Laws or administrative rules promulgated under those laws shall be construed to mean the propensity on the part of the person to serve the public in the licensed area in a fair, honest, and open manner. [MCL 338.41; MSA 18.1208(1).]

In this case, the board, in its order denying reinstatement, expressly approved the hearing examiner's rulings and adopted the findings of fact and yet concluded without further explanation

that as a matter of law petitioner has failed to establish his qualification under § 16247. Given that the focal point of the administrative proceedings and the hearing officer's opinion was petitioner's moral fitness, we can only surmise from the board's ruling that it in fact disregarded the hearing officer's findings and was not convinced of petitioner's moral fitness. The circuit court also assigned this interpretation to the board's order as evidenced when the court stated that "the Board is concerned about the same thing that this Court is concerned about . . . " to wit, petitioner's prior record of misconduct. Indeed, the court went on to state, "[b]ut it would appear to the Court that one of the very reasons for the first suspension is again the very thing that has caused the suspension the second time."

However, at the hearing the Attorney General produced no new evidence to rebut petitioner's evidence of good moral fitness. Although petitioner's status as a prior offender is alone indicative of his propensity for dishonest dealing, his past record as an offender is in and of itself insufficient to justify a finding of moral unfitness. To this extent, the Legislature has expressly limited the effect of a prior judgment in a civil action:

> Sec 2. A judgment of guilt in a criminal prosecution or a judgment in a civil action shall not be used, in and of itself, by a licensing board or agency as proof of a person's lack of good moral character. It may be used as evidence in the determination, and when so used the person shall be notified and shall be permitted to rebut the evidence by showing that at the current time he or she has the ability to, and is likely to, serve the public in a fair, honest, and open manner, that he or she is rehabilitated, or that the substance of the former offense is not reasonably related to the

occupation or profession for which he or she seeks to be licensed. [MCL 338.42; MSA 18.1208(2).]

The statute also provides for judicial relief from a licensing agency or board determination of moral unfitness where, "in the opinion of the circuit court, the record does not disclose a lack of good moral character, as defined in [the] act, the Court shall so state and shall order the board to issue the license." MCL 338.46; MSA 18.1208(6).

In view of the fact that the only affirmative evidence adduced at the hearing of petitioner's continued moral unfitness was his past record, he is entitled to judicial relief from any order premised on such a finding.

In addition, the board's adverse order is vague and self-contradictory and runs afoul of MCL 338.45; MSA 18.1208(5) which provides:

When a person is found to be unqualified for a license because of a lack of good moral character, or similar criteria, the person shall be furnished by the board or agency with a statement to this effect. The statement shall contain a complete record of the evidence upon which the determination was based. The person shall be entitled, as of right, to a rehearing on the issue before the board if he or she has relevant evidence not previously considered, regarding his or her qualifications.

Here, the parties assume, and we agree, that the board's denial was premised on a finding that petitioner lacked good moral character. Such a determination appears to be inconsistent with the board's purported acceptance and adoption of the hearing officer's findings in which he found the petitioner was morally fit and competent to practice medicine. MCL 333.16247; MSA 14.15(16247).

Thus, if the board found that petitioner was morally fit to practice medicine then its adverse decision was contrary to law. MCL 24.306(1)(a); MSA 3.560(206)(1)(a). Similarly, if its decision was solely premised on petitioner's past record of misconduct, then its order is still unlawful. MCL 338.42; MSA 18.1208(2).

Finally, if indeed the board based its denial of reinstatement on petitioner's moral unfitness, petitioner was entitled to a statement by the board to that effect. MCL 338.45; MSA 18.1208(5). Instead, the order was conclusory and self-contradictory. The board's failure to articulate the legal and evidentiary basis for its decision falls far short of the legislative mandate and fails to withstand judicial scrutiny.

We reverse the order of the circuit court and order petitioner's license to be reinstated.